UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

G. LOPES CONSTRUCTION, INC.           :
                                      :
            v.                        :          C.A. No. 09-528S
                                      :
LANNAN TRUCKING, INC.                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff's Motion for Entry of Default Judgment.  (Document No. 7).

Plaintiff seeks the entry of default judgment against Defendant in the amount of $91,176.08.  This

Motion has been referred to me for preliminary review, findings and recommended disposition.  28

U.S.C. § 636(b)(1)(B), LR Cv 72(a).  For the reasons stated below, I recommend that Plaintiff's

Motion (Document No. 7) be GRANTED and that Default Judgment enter against Defendant in the

amount requested by Plaintiff.

        **Background**

        This is a collection action arising out of an agreement by Defendant to purchase certain labor

and construction materials from Plaintiff.  Defendant was served on January 27, 2010 and did not

answer or otherwise respond to Plaintiff's Complaint.  (Document Nos. 5 and 6).  Accordingly,

Plaintiff successfully sought the entry of Default under Fed. R. Civ. P. 55(a).  (Document No. 8).

Plaintiff now moves for the entry of Default Judgment under Fed. R. Civ. P. 55(b).  (Document No.

7).  As required by Local Rule Cv 55, Plaintiff served its Motion on Defendant by regular mail and

certified mail, return receipt requested, and appended a copy of the Return Receipt to its Certificate

of Service.  (Document Nos. 7-2 and 7-3).  Despite such notice, Defendant has not appeared in this

action or otherwise opposed Plaintiff's Motion for Default Judgment. Further, the deadline for opposing such Motion expired on April 30, 2010. See Local Rule Cv 7(b)(1).

Harry Boyce, Plaintiff's credit and collections manager, testifies by Affidavit in Support of the Motion for Entry of Default Judgment. Mr. Boyce testifies that both Plaintiff and Defendant are in the construction business and that Defendant is indebted to Plaintiff for services rendered and provided by Plaintiff to or for Defendant. (Document No. 7-1 at ¶¶ 1, 4-6). Specifically, Mr. Boyce testifies that Plaintiff's outstanding invoices and service charges billed to and payable by Defendant (less all payments made by Defendant) total $91,176.08. Id. at ¶ 7.

**Discussion**

Because Default has entered against Defendant, the factual allegations of Plaintiff's Complaint are taken as true. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002). When default judgment is sought pursuant to Fed. R. Civ. P. 55(b)(2) against a party who has failed to plead or otherwise defend, the District Court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the defaulted party. See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001). Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity). Plaintiff alleges that it is a Massachusetts corporation with its usual place of business in Taunton, Massachusetts and that Defendant is a Rhode Island Corporation with its usual place of business in Bristol, Rhode Island. Plaintiff also alleges damages exceeding the $75,000.00 jurisdictional threshold. Thus, this Court has subject matter jurisdiction in this action.

As to personal jurisdiction, the Return of Service indicates that service of the Complaint was effectuated on Defendant by delivering a copy of the Summons and Complaint to Mr. John Lannan

at the business address of record for Defendant, a Rhode Island corporation, located within this District.  Thus, this Court has personal jurisdiction over Defendant.

This Court has both subject matter and personal jurisdiction over Defendant, and the allegations of Plaintiff's Complaint have been established by Default.  Further, Plaintiff has, by Affidavit, adequately supported the amount of its claimed damages.  Thus, I conclude that Plaintiff's Motion for Entry of Default Judgment should be GRANTED in the amount requested and so recommend.

### Conclusion

For the reasons stated above, I recommend that Plaintiff's Motion for Entry of Default Judgment (Document No. 7) be GRANTED and that Final Judgment enter in favor of Plaintiff G. Lopes Construction, Inc. against Defendant Lannan Trucking, Inc. in the total amount of $91,176.08.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 10, 2010